**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00861-WJM-KLM

JENETH C. MARRON,

    Plaintiff,

v.

JANET NAPOLITANO, in her official capacity as Secretary of the Department of Homeland Security,
ALEJANDRO MAYORKAS, in his official capacity as the Director of United States Citizenship and Immigration Services, and
MARY MISCHKE, in her official capacity as Field Office Director of the Denver, Colorado Office of United States Citizenship and Immigration Services,

    Defendants.

---

**ORDER ON DEFENDANTS' MOTION TO REMAND AND
PLAINTIFF'S MOTION FOR HEARING**

---

    Before the Court is Defendants Janet Napolitano, Alejandro Mayorkas and Mary Mischke's Motion to Remand this matter to the United States Citizenship and Immigration Services ("USCIS") for a decision on Plaintiff's application for citizenship, ECF No. 16 (the "Remand Motion"). The Remand Motion has been fully briefed and is ripe for decision. Also before the Court and ready for disposition is Plaintiff Jeneth Marron's Amended Motion for Hearing, ECF No. 23. For the reasons set forth below, the Remand Motion is GRANTED and Plaintiff's Amended Motion for Hearing is DENIED as moot.

**Remand Motion**

    In this case, Plaintiff asks the Court to review her claim for citizenship pursuant to

8 U.S.C. § 1447(b) ("§ 1447(b)").  That statute gives the district court authority to consider an application for citizenship if USCIS has not issued a decision on a citizenship application within 120 days of Plaintiff's interview with USCIS. *Id.* Defendants ask this Court to remand this matter to USCIS for an initial decision on Plaintiff's naturalization application, a procedure expressly contemplated by § 1447(b). Remand Motion at 1.  Moreover, Defendants represent to this Court that USCIS is prepared to issue a decision on Plaintiff's naturalization application within 20 days of remand. *Id.*

In support of their remand request, Defendants contend that to do so would be in the best interests of judicial economy, given that the agency, with its agency expertise, is in the best position to adjudicate Plaintiff's application for citizenship in the first instance. Remand Motion at 1-2; Reply in Support of Remand Motion, ECF No. 24 at 3-4 ("Reply"); *Karsch v. Chertoff*, 2007 WL 3228104 (W.D.Wash. 2007); *see INS v. Ventura,* 537 U.S. 12, 17 (2002).  Defendants point to the decision by another District Judge of this Court in *Kim v. Gonzales*, 2008 WL 1957739 (D.Colo. 2008) wherein the Court determined that "[i]n light of the USCIS's administrative expertise with such matters, I conclude that it would be preferable to permit the agency to first consider Plaintiff's [application for citizenship.]"  *See, also, Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 844 ( E.D. Mich. 2006) (finding "considerable benefit in allowing CIS to make the first assessment as to whether any information disclosed in this investigation has any bearing upon Plaintiff's eligibility for citizenship").

In her response in opposition to the Remand Motion, ECF No. 22 ("Response"), Plaintiff urges this Court not to return jurisdiction over her naturalization application to

USCIS primarily because "it is very likely that the agency will deny it, which will result in a process that will undoubtedly end up in this very same court several months from now." Response at 2.  Plaintiff also contends that a remand in her case will not best serve judicial economy, or the statutory goals of § 1447(b), again almost exclusively because she "has good reason to believe that USCIS will deny her application upon remand." Response at 6.  Plaintiff cites *Hamdan v. Chertoff*, 626 F.Supp.2d 1119 (D.N.M.,2007), as an example of a case in which the District Court determined that notions of judicial economy, as well as fairness and equity, militated in favor of denying a remand and retaining jurisdiction in the federal district court for a final adjudication on plaintiff's naturalization application.

The Court finds Plaintiff's position unpersuasive for at least two important reasons.  First, the overwhelming weight of Plaintiff's argument to the Court rests on the thin and unsubstantiated reed of what the Agency is likely to do and not do with her citizenship application on remand.  Plaintiff contention on this score is little more than an *assumption* that USCIS will both deny Plaintiff's application initially as well as rebuff any administrative appeal of the adverse determination.  While this prognostication may well turn out to be accurate, the Court refuses at this time to engage in speculation and conjecture on what USCIS will decide in regard's to Marron's naturalization application.

Secondly, the *Hamden* decision, upon which Plaintiff also heavily relies, is distinguishable in one critical respect.  The District Court in *Hamden* refused to prolong matters and remand that case to USCIS given that an administrative decision denying plaintiff's citizenship application had already been issued. 626 F.Supp.2d at 1122. Here, of course, USCIS has yet to issue its decision on Plaintiff's application.  Given the

3

current posture of this case, *Hamden* is of little assistance to Marron.

The Court determines, therefore, that the interests of justice in this case are best served by granting the Remand Motion. Plaintiff of course retains the statutory right to seek redress in this Court if she does in fact receive an administrative decision denying her application for naturalization.

Finally, in their Remand Motion Defendants commit to having USCIS issue its decision on Plaintiff's application for citizenship within 20 days from the date of the remand order. *Id.* at 1. The Court notes, however, that 20 days from today is Christmas Day. Given the intervening holiday, the Court will allow USCIS 25 days, to and including December 30, 2011, within which to issue its decision on Plaintiff's application for citizenship.

**Amended Motion for Hearing**

Given the Court's decision to remand this matter to USCIS for an administrative decision on Plaintiff's application for citizenship, Plaintiff's Amended Motion for Hearing in this Court, ECF No. 23, has been rendered moot, and will be denied on that basis.

**Conclusion**

For the foregoing reasons, it is hereby ORDERED as follows:

(1) Defendants' Motion to Remand (ECF No. 16) is GRANTED;

(2) Plaintiff's Amended Motion for Hearing (ECF No. 23) is DENIED as moot; and

(3) Pursuant to 8 U.S.C. § 1447(b) this action is REMANDED to the United States Citizenship and Immigration Services for a decision on Plaintiff's application for

citizenship, to be issued on or before December 30, 2011.

Dated this 5th day of December, 2011.

BY THE COURT:

William J. Martinez
United States District Judge